FILED

2021 Jan-12  PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DONALD LYONS, and** | ) | |
| **JILLIAN LYONS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **SAEILO, INC. D/B/A** | ) | **JURY TRIAL DEMANDED** |
| **KAHR ARMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiffs, Donald Lyons and Jillian Lyons (hereinafter "Plaintiffs"), bring this Complaint for damages and demand for jury trial against Defendant Saeilo, Inc. d/b/a Kahr Arms (hereinafter "Kahr Arms" or "Defendant"), and states as follows:

## **INTRODUCTION**

1.     Plaintiff, Donald Lyons, was catastrophically injured when a 9mm Kahr CW9 semi-automatic model pistol with serial number EE4752 ("the subject pistol") designed, manufactured, imported, marketed, distributed, and/or sold by Defendant fell, struck the ground, and fired a bullet that struck Mr. Lyons without the trigger of the pistol being pulled. The subject pistol unintentionally discharged

1

due to a safety defect which rendered the pistol unreasonably dangerous and unfit for its intended use. This safety defect is known as a "Drop-Fire Defect," whereby the pistol will fire if dropped. The Drop-Fire Defect allows the trigger to move rearward when the pistol is subjected to an impact or dropped. This safety defect will result in the pistol firing unexpectedly and against the intentions of the pistol's user.

2.      When the gun fired, Mr. Lyons' hand was nowhere near the trigger. The gun was beyond Mr. Lyons reach when it fell, struck the ground, and fired. A defect in the design of the weapon's firing mechanism caused its automatic safety devices to fail. This defect allowed the pistol to fire even when the trigger was not pulled, causing Mr. Lyons to suffer catastrophic injuries. This safety defect is the result of the inadequate design, manufacturing, and testing of the pistol by the Defendant.

3.      In filing this lawsuit, the Plaintiff does not wish or intend to disparage his or anyone's Second Amendment right to bear arms. Rather, Plaintiffs seek to hold the Defendant to account for designing, manufacturing, importing, marketing, distributing, and/or selling a pistol that is defective and unreasonably dangerous. Plaintiffs bring this action to recover for the catastrophic injuries and damages caused when the subject pistol unintentionally discharged as a result of the safety defect referenced above.

## PARTIES

4.      Plaintiffs are adult resident citizen of Madison County, Alabama.

5.      Defendant, Saeilo, Inc. d/b/a Kahr Arms (i.e., "Kahr Arms"), is a Delaware corporation with its corporate headquarters in Greeley, Pennsylvania and its production and assembly operations in Worcester, Massachusetts. Said Defendant was doing business in the State of Alabama at all times material hereto. The registered agent for service of process upon Kahr Arms is Corporation Service Company, which is located at 251 Little Falls Drive, Wilmington, Delaware 19808.

6.      Upon information and belief, Kahr Arms designs, manufactures, warrants, markets, and distributes firearms, including the subject firearm, throughout the United States and the State of Alabama.

## JURISDICTION AND VENUE

7.      Plaintiffs are citizens of the State of Alabama. Defendant Kahr Arms is a Delaware corporation with its principle place of business in the State of Pennsylvania. The amount in controversy, without interest and costs, exceeds the sum of the value specified by 28 U.S.C. § 1332.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 given that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district. Donald Lyons is an Alabama resident who purchased the pistol at issue in Alabama. The incident giving rise to the Plaintiffs'

claims occurred in Alabama. Additionally, Alabama is the location of most of the evidence, witnesses, scene of the incident, police reports, medical treatment, and medical records.

## FACTS

A. *General Allegations*

1.    Defendant Kahr Arms, at all times material hereto, either personally or through an agent or representative:

       a. Operated, conducted, engaged in or carried on a business venture in Pennsylvania, Massachusetts, Alabama and the United States, and has an office or agency in this State or in this country; and

       b. Was engaged in the solicitation and performance of service activities within the State; and

       c. Delivered products to this state, including the subject firearm, in the ordinary course of commerce, trade, or use; and

       d. Was engaged in substantial and not isolated activity within the State; and

       e. Committed acts which subject the Defendant to the jurisdiction of the courts of this State.

2.    The Defendant designed, inspected, tested, developed, manufactured, marketed, advertised, distributed, and/or sold the subject pistol, a 9mm Kahr CW9 semi-automatic model firearm with serial number EE4752 ("the subject pistol"), that caused the catastrophic injuries of Donald Lyons.

3.      The Defendant caused the subject pistol to be distributed and sold in various states within the United States, including the State of Alabama, where Donald Lyons resides.

4.      The Defendant expected the pistol to reach the user, including the Plaintiff, in substantially the same condition it was in when it was manufactured and when it left the custody and control of Defendant, or its agents and representatives.

5.      The subject pistol did indeed reach the Plaintiff in substantially the same condition it was in when it was imported, sold, and/or distributed by the Defendant.

**B.** *Background on the Safety Defect*

6.      The Defendant specifically designed, manufactured, marketed, and sold the subject double-action pistol as having an internal safety mechanism known as a "Firing Pin Block" or "Striker Block Safety," which is designed to prevent the firing pin from going forward and striking the primer of a bullet and is engaged until the trigger is in its final rearward position.

7.      However, the subject pistol has internal fire control components that will respond to inertial forces when the pistol is dropped onto a hard surface. In the case of a drop, the striker will be released with enough spring force to fire a chambered cartridge without a manual trigger pull by the user.

8.     The subject Kahr pistol has a measured 6 ½ to 6 ¾ pound trigger pull force which can result in rearward inertial trigger movement from a drop or impact. This trigger movement rearward from the drop will pull the striker back to cock/discharge the pistol and raise the "Firing Pin Block" or "Striker Block Safety" such that it will fire even without the user pulling the trigger.

9.     The subject pistol does not have a trigger safety or other external safety mechanism.

10.    Donald Lyons purchased the subject pistol in Alabama.

11.    Mr. Lyons purchased the pistol in reliance upon the safety device(s) detailed above.

12.    Mr. Lyons purchased the pistol and maintained it in a condition which was without substantial change from the condition it was in when it left the custody and control of the Defendant or its agents and representatives.

13.    The design of the pistol as described is defective and as a result there is no effective safety device to prevent an unintended discharge, even when the trigger is inaccessible, if the firearm is dropped. This is known as a "Drop-Fire Defect."

**C. *The Unintended Discharge – Facts Related to Donald Lyons' Drop-Fire***

14.     Mr. Lyons owns the subject Kahr Pistol, which was designed, manufactured, marketed, imported, sold, and/or distributed by the Defendant. Mr. Lyons purchased the subject pistol at a local auction in Alabama in 2019.

15.     At the time of the unintended discharged, on July 2, 2019, Mr. Lyons was standing in his basement at his home in Ardmore, Alabama. The subject pistol was in a bulldog style leather holster, which covers the weapon's trigger. Mr. Lyons crouched down looking for a snake in his basement. When he did so, the subject pistol fell out of its holster, struck the concrete floor of the basement, and discharged a bullet that struck Mr. Lyons in his upper right leg, traveled through his abdomen, passed through his colon, nicked his bladder, struck his iliac vein and penetrated his left pelvic bone before coming to rest three inches under the skin of his left buttocks. The bullet caused Mr. Lyons' body extensive internal damage, which resulted in catastrophic injury, multiple surgeries, and a protracted course of medical treatment and rehabilitation.

16.     It also necessitated Mrs. Lyons' caring for Mr. Lyons through the course of this treatment and rehabilitation.

17.     As a result of the Drop-Fire Defect and subsequent unintended discharge, Plaintiff suffered extensive tissue, bone, nerve, and muscle damage from the 9mm bullet, which required extensive hospitalization and medical

procedures. This has left Mr. Lyons with permanent scars and other damages he will have for the rest of his life.

## COUNT I
## NEGLIGENCE OR WANTONNESS

18.    Plaintiff restates all of the preceding allegations as if fully restated herein.

19.    At all times material, Defendant owed a duty of reasonable care to Plaintiffs and to other foreseeable users of the subject pistol to design, equip, manufacture, import, sell, distribute, and market the pistol in a manner safe for its foreseeable users.

20.    Defendant negligently breached its duty of care to Plaintiffs in one or more of the following ways:

    a.    Failing to properly design, equip, and manufacture the subject pistol with safety devices which performed in accordance with the owners operator manual instructions and within the reasonable expectations of the ordinary user and consumer, including Donald Lyons;

    b.    Failing to properly design, equip, and manufacture the subject pistol's safety devices and systems;

    c.    Designing and manufacturing a defective Firing Pin Block;

    d.    Designing and manufacturing a defective trigger;

e.      Designing and manufacturing defective safety devices and systems for the pistol;

f.      Designing and manufacturing a pistol that would discharge without pulling the trigger;

g.      Designing and manufacturing a pistol that would discharge if dropped;

h.      Failing to employ available alternative designs which would have prevented the subject pistol from discharging as it did and injuring Donald Lyons;

i.      Failing to use and apply good, safe, usual, prevailing, and reasonable engineering principles and standards in designing, equipping, manufacturing, marketing, and distributing the subject pistol;

j.      Failing to take adequate corrective action or preventative action;

k.      Failing to create and provide clear operational and safety instructions, manuals, warnings, and literature;

l.      Failing to adequately design, manufacture, test, and monitor the subject model pistol;

m.      Failing to properly test the subject firearm to ensure it would not fire without the trigger being pulled, or if dropped;

n.      Failing to warn of all of the above; and

o.      Committing the above acts or omissions wantonly, with a conscious or reckless disregard for the rights and safety of others, including Donald Lyons.

21.    As a result of this breach of the Defendant's duty of care, the pistol poses an unreasonable risk of injury to users when the pistol is being used as it was

intended and as an ordinary user would expect, and therefore it is not safe or suitable for its intended purpose.

22.    As a direct and proximate cause of Defendant's negligence or wantonness, Donald Lyons was catastrophically injured.

23.    As a direct and proximate result of the Defendant's conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, lost wages, and all other damages allowable under Alabama law.

24.    Therefore, Plaintiffs request that this Court enter judgment against the Defendant for compensatory and punitive damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT II
## ALABAMA EXTENDED MANUFACTURERS' LIABILITY DOCTRINE

25.    Plaintiff restates all of the preceding allegations as if fully restated herein.

26.    At the time of the incident made the basis of this lawsuit and for a substantial period of time prior thereto, Defendant was engaged in the business of designing, manufacturing, and/or having manufactured, selling delivering, and/or distributing the subject firearm throughout the United States, including the State of

Alabama, for us by certain members of the general public. Defendant during said period of time and for valuable consideration, designed, manufactured, or had manufactured to its specifications, and then sold, delivered, and/or distributed the subject firearm which catastrophically injured the Plaintiff.

27.     The subject firearm was in substantially the same condition as when it was manufactured, sold, and/or distributed by the Defendant and was being used in a manner that was foreseeable and for its intended use. The firearm was not reasonably safe when being used in a foreseeable manner, but, to the contrary, it was defective and unreasonably dangerous to consumers when being so used. Defendant knew or in the exercise of reasonable care should have known that said firearm was unreasonably dangerous to consumers when being so used in a foreseeable manner. The firearm made the basis of this action was defective because:

  a. it lacked safety devices which would perform in accordance with the owner's operator manual instructions and within the reasonable expectations of the ordinary user and consumer, including Donald Lyons;

  b. it lacked adequate safety devices and systems;

  c. it contains a faulty Firing Pin Block;

  d. it contains a fault trigger;

  e. it will fire without the trigger being pulled by the user or gun owner;

f.  it will fire without the trigger being pulled by the user or gun owner if dropped;

g.  it lacks alternative safety designs and systems which would have prevented the subject pistol from discharging as it did and injuring Donald Lyons;

h.  its design lacks good, safe, usual, prevailing, and reasonable engineering principles and standards that would have prevented it from firing without the trigger being pulled;

i.  it is otherwise unreasonably dangerous and defective.

28.    The foregoing wrongful conduct of Defendant was a proximate cause of Plaintiff's injuries and renders Defendant liable to Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

29.    Plaintiff's injuries would have been eliminated or in some way reduced by an alternative design, and the utility of the alternative design outweighed the utility of the design the Defendant actually used.

30.    Donald Lyons used the pistol as it was intended to be used.

31.    Donald Lyons used the pistol as an ordinary user would have expected it to be used.

32.    Donald Lyons used the subject pistol in a reasonably foreseeable manner.

33.    Donald Lyons did not misuse or tamper with the product.

34.    Prior to the date of the incident, Donald Lyons had no knowledge of the defective condition of the subject pistol, and had no reason to suspect that the

pistol was unreasonably dangerous or did not function according to its intended design prior to the unexpected discharge of the pistol.

35.     Therefore, Plaintiffs request that this Court enter judgment against the Defendant for compensatory and punitive damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

36.     Plaintiff restates all of the preceding allegations as if fully restated herein.

37.     No privity of contract between Plaintiffs and Defendant is required and a breach of implied warranty of merchantability exists against all sellers or goods, including the manufacturer, in favor of any injured person if it was reasonable to expect that such persons as Plaintiffs would be affected by the breach of warranty.

38.     Defendant was a merchant, or seller, or manufacturer with respect to the subject firearm.

39.     Defendant sold and/or manufactured the firearm.

40.     The firearm was being used for the ordinary purposes for which such products are used.

41.     The firearm was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such products are used.

42.     The defect in the firearm proximately caused injury to Plaintiffs.

43.     Defendant was on notice of the breach of implied warranties at the time the firearm was manufactured and distributed by Defendant. Defendant knew, or should have known, about the defects.

44.     Therefore, Plaintiffs request that this Court enter judgment against the Defendant for compensatory and punitive damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT IV
## LOSS OF CONSORTIOUM

45.     Plaintiff restates all of the preceding allegations as if fully restated herein.

46.     At the time of the incident made the basis of this Complaint and at present, Plaintiff, Jillian Lyons, was the lawful wife of Plaintiff, Donald Lyons. They have been a married couple for several years. As a result of the serious, life threatening medical complications and injuries to her husband, Donald Lyons, as well as the extended rehabilitation that he has undergone and continues to undergo, Jillian Lyons has lost the consortium, society, companionship, love, affection, aid

cooperation, sexual relations, comfort, services and other rights growing out of her marriage covenant with her husband.

47.     Plaintiff further avers that the conduct of the Defendant combined and concurred to cause Donald Lyons to be severely injured which resulted in numerous medical complications that proximately caused Jillian Lyons to suffer the loss of consortium, society, companionship, love, aid, cooperation, sexual relations, comfort, services, and affection of her husband.

48.     Therefore, Plaintiff, Jillian Lyons, respectfully demands judgment against the Defendant for compensatory and punitive damages, in an amount, including interest and costs of this action, which Plaintiffs seek to recover, to be assessed by the trier of fact and demands trial by jury of all issues so triable.

## AD DAMNUM CLAUSE

49.     Plaintiff restates the preceding allegations as if fully restated herein.

50.     Plaintiffs allege that the conduct of Defendant, Saeilo, Inc. d/b/a Kahr Arms, as described in the caption of this Complaint, combined and concurred to cause the catastrophic injuries of Donald Lyons.

51.     Therefore, Plaintiffs request that this Court enter judgment against the Defendant Saeilo, Inc. d/b/a Kahr Arms and demands judgment against the Defendant in an amount to be determined by the jury that is mete, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims so triable.

/s/ *Matthew G. Garmon*
M. Todd Wheeles (ASB-5177-I65W)
Matthew G. Garmon (ASB-8225-X37K)
**MORRIS HAYNES**
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama 35243
T:      (205) 324-4008
F:      (205) 324-0803
E:      twheeles@mhhlaw.net
        mgarmon@mhhlaw.net

*Attorneys for the Plaintiff*